THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JACOB G. PITTS

      Plaintiff,

v.

Dolphin Fun LLC aka The Fun Boat
Dolphin Cruses as the
Owners, Operators, Charters and/or
Managers of the M/V SWOOP and
M/V GULF WINDS II

      and

Lawrence Dean Williams, the owner,
operator, manager and/or captain of the
M/V GULF WINDS II,

      and

Harold Rogers, the owner, operator,
manager, and/or Captain of the M/V SWOOP

      Defendants.

## COMPLAINT FOR NEGLIGENCE UNDER GENERAL MARITIME LAW

COMES NOW, Jacob A. Pitts who is over the age of 19, a citizen and resident of Mobile County, State of Alabama and alleges a complaint under General Maritime Law Negligence and states as follows:

### JURISDICTION AND VENUE

1.  Plaintiff, Jacob A. Pitts ("Plaintiff" or "Pitts"), is over the age of 19, a citizen and resident of Mobile County, State of Alabama.

2.  Defendant Dolphin Fun LLC d/b/a The Fun Boat Dolphin Cruses (hereinafter "Dolphin") is an Alabama limited liability corporation doing business in Baldwin County, Alabama at all times material herein. Dolphin is owned in whole or in part by Defendant Lawrence Dean

Williams. Dolphin is the owner, manager, operator, charterer, or entity in control of the M/V GULF WINDS II and M/V SWOOP at all times material herein.

3.      Defendant Lawrence Dean Williams (hereinafter "Williams") is a resident of Baldwin County, Alabama and is the registered agent for Dolphin.   Williams was the owner, operator, manager, charterer, captain or the person in control of the M/V GULF WINDS II at all times material herein.

4.      Defendant Harold Rogers (hereinafter "Rogers") is a resident of the state of Alabama and at all times material, Rogers was employed by Dolphin and owned, operated, managed, captained or was the person in control of the M/V SWOOP.

5.      At all times material, Defendants and Plaintiff are citizens of Alabama. This cause of action arose in Baldwin County, Alabama.  Therefore, jurisdiction and venue properly lie within the jurisdiction of this Court.

6.      The Court has jurisdiction of this action and the parties based on admiralty jurisdiction, 28 U.S.C. § 1333 and the amount in controversy, pursuant to 28 U.S.C. § 1332(a); and Plaintiff makes a Rule 9(h) election for non-jury trial.

7.      To the extent necessary, the Court may also base jurisdiction on ancillary and/or pendent jurisdiction for negligence claims or as otherwise alleged.

## FACTS COMMON TO ALL CAUSES

8.      Based on information and belief, Dolphin owns, manages, operates or controls the M/V GULF WINDS II and the M/V SWOOP for daytime and sunset cruises.  The boats operate on three (3) cruises per day schedule; 11:00 AM, 2:00 PM and 5:00 PM departures. These cruises are advertised as an educational sea life experience.

9.      At all times relevant, Williams was operating, managing and controlling the M/V GULF WINDS II.

10.     At all times relevant, Rogers was operating, managing and controlling the M/V SWOOP.

11.    On July 5, 2024, Plaintiff Jacob Pitts was on board the M/V Myhapyas III. Myhapyas III was moored to the port side of the M/V Myhapyas II. The boats were anchored from the bow and stern between Bird Island and the Caribe Resort Marina. The M/V MYHAPYAS II and MYHAPYAS III were anchored in a no wake zone.

12.    At approximately 7:30 PM, the M/V GULF WINDS II and M/V SWOOP passed by Plaintiff's anchorage at a speed sufficient to cause a wake which struck the boat Plaintiff was on, causing Plaintiff to be thrown from Myhapyas II onto Myhapyas III where he suffered injuries to his left shoulder and right foot.

13.    The force of the wake caused property damage to Plaintiff's vessel.

14.    Plaintiff underwent left shoulder surgery as a result of the actions of Dolphin, Williams, and Rogers.

15.    The Boating Safety Act of 1959, the Roberson/Archer Act of 1994, and the Boating Safety Enhancement Act of 2001 are designed to promote the full use and enjoyment of Alabama's waterways, provide for the registration of watercraft, and ensure the safety of persons and property in connection with the use of the waters of the State.

16.    The Alabama Boating Rules and Regulations place a duty on vessel owners and operators to pilot vessels as ordinary and prudent vessel owners and operators so as to protect citizens of Alabama such as the Plaintiff from harm, including personal injury and property damage. The Regulations specifically mandate that vessels approaching or passing another vessel shall be operated in such manner and at such rate of speed as will not create a hazardous wash or wake: All vessels shall be operated at reasonable speeds for given situations and must be under the complete control of the operator at all times: No person shall, under any circumstances, operate a vessel in excess of an established speed zone.

17.    At all times material to this complaint and the claims herein, the M/V GULF WINDS II and M/V SWOOP were in navigation upon the waters of the United States.

18.    At all times material to this complaint and the claims herein, the M/V MYHAPYAS II and III were upon the waters of the United States.

19.    As a direct, foreseeable and proximate result of the foregoing, Plaintiff sustained severe and permanent injuries to his left shoulder as well as conscious pain and suffering.

## COUNT ONE – NEGLIGENCE – DOLPHIN

20.    All of the allegations contained in paragraphs 1 through 19 are realleged herein.

21.    Dolphin owed a duty to properly train and/or monitor the captains of the M/V GULF WINDS II and M/V SWOOP, in particular to instruct and make sure its employees obeyed the Alabama Boating Rules and Regulations as provided by the legislature in the Boating Safety Act of 1959, the Roberson/Archer Act of 1994, and the Boating Safety Enhancement Act of 2001.

22.    Dolphin knew or should have known that Williams and Rogers violated the Alabama Boating Rules and Regulations.  It is foreseeable by Dolphin that the breach of these rules would cause harm. As a direct and proximate result of Dolphin's breach of the Alabama Boating Rules and Regulations, Plaintiff suffered personal injury and property damage.

23.    Plaintiff seeks any and all damages, general or special, to which the Plaintiff may be entitled pursuant to general maritime law, statutory and common, in excess of the jurisdictional limits of this Court.

## COUNT TWO – NEGLIGENCE – LAWRENCE D. WILLIAMS

24.    Allegations contained in paragraphs 1 through 19 are realleged herein.

25.    Williams knew or should have known that the Alabama Boating Rules and Regulations specifically mandate that vessels approaching or passing another vessel shall be operated in such manner and at such rate of speed as will not create a hazardous wash or wake: All vessels shall be operated at reasonable speeds for given situations and must be under the complete control of the operator at all times: No person shall, under any circumstances, operate a vessel in excess of an established speed zone.

26.     Williams failed to adhere to the Alabama Boating Regulations. It was foreseeable by Williams that violating the aforesaid regulations would cause both personal injury and property damage to the boating population of Alabama, including Pitts.

27.     As a direct and proximate result of Williams' violation of the Alabama Boating Regulations, the Plaintiff suffered personal and property damages.

28.     Plaintiff seeks any and all damages, general or special, to which the Plaintiff may be entitled pursuant to general maritime law, statutory and common, in excess of the jurisdictional limits of this Court.

### COUNT THREE – NEGLIGENCE – HAROLD ROGERS

29.     Allegations contained in paragraphs 1 through 19 are realleged herein.

30.     Rogers knew or should have known that the Alabama Boating Rules and Regulations specifically mandate that vessels approaching or passing another vessel shall be operated in such manner and at such rate of speed as will not create a hazardous wash or wake: All vessels shall be operated at reasonable speeds for given situations and must be under the complete control of the operator at all times: No person shall, under any circumstances, operate a vessel in excess of an established speed zone.

31.     Rogers failed to adhere to the Alabama Boating Regulations. It was foreseeable by Rogers that violating the aforesaid regulations would cause both personal injury and property damage to the boating population of Alabama, including Pitts.

32.     As a direct and proximate result of Rogers' violation of the Alabama Boating Regulations, the Plaintiff suffered personal and property damages.

33.     Plaintiff seeks any and all damages, general or special, to which the Plaintiff may be entitled pursuant to general maritime law, statutory and common, in excess of the jurisdictional limits of this Court.

## COUNT FOUR – PUNITIVE DAMAGES – DOLPHIN

34.    All allegations contained in the previous paragraphs are realleged herein.

35.    Plaintiff alleges that Dolphin knew that its employees, Williams and Rogers, consistently and repeatedly violated the Alabama Boating Regulations, causing wakes in violation of the regulations.

36.    Dolphin, through its actions, exhibited a callous disregard for Alabama Boating Regulations and consequently Plaintiff's safety.  Dolphin's callous attitude as shown through its willful and wanton violation of the Alabama Boating Regulations lead directly to the injuries that are made the basis of this cause of action.  Therefore, the Plaintiff is entitled to punitive damages.

## COUNT FIVE – PUNITIVE DAMAGES – WILLIAMS

37.    All allegations contained in the previous paragraphs are realleged herein.

38.    Plaintiff alleges that Williams consistently and repeatedly violated the Alabama Boating Regulations, causing wakes in violation of the regulations.

39.    Williams, through his actions, exhibited a callous disregard for Alabama Boating Regulations and consequently Plaintiff's safety.  Williams' callous attitude as shown through his willful and wanton violation of the Alabama Boating Regulations lead directly to the injuries that are made the basis of this cause of action.  Therefore, the Plaintiff is entitled to punitive damages.

## COUNT FIVE – PUNITIVE DAMAGES – ROGERS

40.    All allegations contained in the previous paragraphs are realleged herein.

41.    Plaintiff alleges that Rogers consistently and repeatedly violated the Alabama Boating Regulations, causing wakes in violation of the regulations.

42.    Rogers, through his actions, exhibited a callous disregard for Alabama Boating Regulations and consequently Plaintiff's safety.  Rogers' callous attitude as shown through his willful and wanton violation of the Alabama Boating Regulations lead directly to the injuries that are made the basis of this cause of action.  Therefore, the Plaintiff is entitled to punitive damages.

**DAMAGES**

43.     All allegations contained in the previous paragraphs are realleged herein.

44.     As a direct and proximate result of Defendants' tortuous conduct as aforesaid, Plaintiff has suffered serious and grievous injuries to his body as well as property damage. Plaintiff has been damaged in the following particulars:

(a)     Plaintiff has suffered physical pain and mental anguish and will continue to suffer great pain of body and mind throughout his lifetime.

(b)     Plaintiff has incurred medical, pharmaceutical, and other expenses and will incur medical, pharmaceutical and other expenses in the future due to his injury.

(c)     Plaintiff suffers a physical impairment in his loss of ability to return to work and will continue to suffer this impairment in the future due to his injuries.

(d)     Plaintiff has suffered lost earnings and will suffer the loss of ability to earn income in the future because of his injuries.

(e)     Plaintiff, due to the Defendants Dolphin, Williams and Rogers' willful and wanton conduct and callous disregard for Plaintiff's safety, health, and welfare, seeks damages to punish these three (3) Defendants, jointly and severally, for their failure to adhere to the Alabama Boating Regulations.

(f)     Plaintiff suffered property damage to his vessel.

45.     Plaintiff seeks attorney fees and costs as provided by law.

46.     Plaintiff seeks any and all other damages, general, special, or punitive, to which the Plaintiff may be entitled pursuant to General Maritime Law, statutory, and common law.

WHEREFORE, THE PREMISES CONSIDERED, Plaintiff demands judgment against the Defendants, each of them, jointly and severally, for general damages and special damages, and against Dolphin, Williams, and Rogers for punitive damages, for his costs expended therein, for pre-judgment interest from the date of Plaintiff's injury and post judgment interest on the judgment at the rate allowed by law, and for such other and further relief, both at law and in equity, to which Plaintiff may show himself justly entitled.

Respectfully Submitted,

MICHAEL G. HUEY (HUEYM5200)
Attorney for the Plaintiff
Huey Law Firm LLC
P.O. Box 1806
Mobile, Alabama 36633-1806
(251) 433-6622 Office
(251) 433-6654 Fax
mghuey@hueyfirm.com

PLEASE SERVE by certified mail return receipt requested:

Dolphin Fun LLC
d/b/a The Fun Boat Dolphin Cruises
Lawrence D. Williams
Registered Agent
25425 West Oak Ridge Drive
Orange Beach, Alabama  36561-3430

Lawrence D. Williams
514 Sheffield Avenue
Foley, Alabama  36535

Harold Rogers
3900 Bayou Blvd.
Orange Beach, Alabama  36561